Per Curiam,
The two assignments of error raise but one question. The paper admitted in evidence was a sealed *158 instrument and was. signed by one only of tbe firm of Martin, Fuller & Co., and in the firm name. When the offer of the paper was objected to, it was stated by counsel for plaintiff below that they proposed to follow it up with proof of the prior assent or subsequent ratification of the other partners. The offer as it was made was unobjectionable. The prior assent or subsequent ratification might have been shown by writing under seal. It is true, the proof introduced was of oral ratification. This testimony, however, was not objected to.' If the defendant relied upon the doctrine of Hart v. Withers, 1 P. & W. 285, he should have objected to the admission of the evidence, or have called upon the court for some ruling in regard to it. He did neither, and we cannot say, under the circumstances, that the court below erred in admitting the paper. This view of the case renders it unnecessary to consider how far Hart v. Withers, has been modified by the more recent decisions.
Judgment affirmed. H. J. L.